# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNY MENDOZA, | Civil No. 04cv1809-BTM (RBB) |
| Petitioner, | **ORDER:** |
| vs. | **(1) ADOPTING AS MODIFIED THE FINDINGS AND CONCLUSIONS OF UNITED STATES MAGISTRATE JUDGE;** |
| JAMES E. TILTON, Secretary, | **(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND** |
| Respondent.[1] | **(3) ISSUING A CERTIFICATE OF APPEALABILITY** |

Petitioner is a California prisoner proceeding pro se and in forma pauperis with a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 4.) Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Ruben B. Brooks, which recommends denying the Petition. (Doc. No. 20.) No objections to the R&R have been filed.

The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the

---

[1] The Court sua sponte substitutes James E. Tilton, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), as Respondent in place of former Respondent, Jeanne Woodford, the former Director of the CDCR's predecessor entity California Department of Corrections.

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1) (West Supp. 2006). For the following reasons, the Court adopts as modified the findings and conclusions of the Magistrate Judge as set forth below, denies habeas relief, and issues a Certificate of Appealability.

**I.     Claims 1, 4, 5 and 6**

In claims 1, 4, 5 and 6, Petitioner alleges numerous instances of ineffective assistance of appellate counsel. The Magistrate Judge conducted a thorough review of the record and found that Petitioner had failed to demonstrate either deficient performance or prejudice as required by Strickland v. Washington, 466 U.S. 668 (1984), with respect to any of the alleged instances of ineffective assistance of counsel. (R&R at 24-59, 61-62.) The Court adopts in full the findings and conclusions of the Magistrate Judge with respect to these claims. In addition, the Court modifies the findings and conclusions as follows. Petitioner claims that appellate counsel was deficient in failing to raise a claim that trial counsel was ineffective in failing to obtain the surveillance video from the Jack in the Box restaurant. (First Amended Petition ["FAP"] at 3, 11.) He contends the video would have shown the victim entered the restaurant from the direction of the Texaco gas station and went straight into the bathroom, that she did not have bruises on her body, and that her clothes were neat and not messed up. (Id. at 6.) The R&R found that, assuming the videotape existed, testimony from the manager of the Jack in the Box that the victim's clothes were "neat and not messed up or torn," and that the manager saw only "slight redness on one of the victim's wrists," provided the same impeaching evidence as the video. (R&R at 30.) The Court adopts this finding, and adds that Petitioner has failed to show he was prejudiced as a result of not being able to use the video (assuming it existed) to show that the victim went to the restroom before she approached the employees at the counter, or that she entered the restaurant from the direction of the gas station. The restaurant employees testified that they first noticed the victim when she approached the counter and asked them to call the police. (Lodgment No. 3. Reporter's Tr. at 36, 49.) Both Petitioner and the victim testified that the victim exited Petitioner's vehicle while it was in the restaurant parking lot and went directly into the restaurant. (Id. at 427, 535-39.) Petitioner has not satisfied the Strickland standard

because he has identified no basis for a finding that evidence that the victim went to the bathroom before approaching the counter and asking the employees to call the police would have affected the jury verdict, and because evidence that the victim came from the direction of the gas station would have actually impeached Petitioner's own testimony that she entered from the restaurant parking lot. Petitioner also contends the bias of the trial judge is demonstrated in part by the numerous adverse rulings during trial. To the extent the R&R concluded that rulings by a state court judge cannot under any circumstances demonstrate judicial bias (see R&R at 54-55), or that only California law is relevant to that determination (id.), the Court declines to adopt that conclusion. See Liteky v. United States, 510 U.S. 540, 555 (1994) (recognizing existence of exceptions to general rule that judicial rulings almost never constitute a valid basis for bias). However, the Court agrees with the Magistrate Judge that none of the rulings identified by Petitioner demonstrates bias, and adopts those findings in full.

The last reasoned decision of the state courts as to Petitioner's ineffective assistance of counsel claims is the state appellate court opinion denying his state habeas petition. (Lodgment No. 17, In re Mendoza, No. D041991 (Cal.App.Ct. July 14, 2003.) That court denied the claims on the basis that Petitioner failed to show either deficient performance or prejudice under Strickland. (Id. at 2.) Applying 28 U.S.C. 2254(d) to the state court opinion, it is clear that the state court's application of the Strickland prejudice test to deny these claims was objectively reasonable because Petitioner has not satisfied the Strickland standards for the reasons set forth in the R&R. Thus, habeas relief is denied as to claims 1, 4, 5 and 6.

**II.    Claim 3**

Petitioner contends in claim 3 that his retrial violated the double jeopardy protections of the federal Constitution. (FAP at 15-17.) The R&R found that the trial judge's decision to declare a mistrial was neither contrary to, nor involved an unreasonable application of, clearly established federal law. (R&R at 20.) This claim was not raised on appeal, but was presented to the state supreme court in a habeas petition (Lodgment No. 18 at 15-17), which was denied without citation or a statement of reasons. (Lodgment No 19.) The claim was presented to the state appellate court in a habeas petition (Lodgment No. 16 at 15-17), but not in the habeas

petition filed in the superior court (Lodgment Nos. 14-15). The appellate court denied the claim, stating:

> Habeas corpus cannot serve as a second appeal, and matters raised and rejected on appeal are not cognizable in a state habeas corpus proceeding in the absence of special circumstances. (*In re Huffman* (1986) 42 Cal.3d 552, 554-555.) As to the claims he did not raise in his appeal, he has not shown special circumstances that would excuse his failure to do so. "(C)ourts will presume that a litigant received sufficient review of his or her legal claims, both constitutional and otherwise, on direct appeal. Where an issue was available on direct appeal, the mere assertion that one has been denied a 'fundamental' constitutional right can no longer justify a postconviction, postappeal collateral attack, especially where the possibility exists of raising the issue via the ineffective assistance of counsel doctrine. Only where the claimed constitutional error is both clear and fundamental, and strikes at the heart of the trial process, is an opportunity for a third chance at judicial review (trial, appeal, postappeal habeas corpus) justified. (Citation.)" (*In re Harris* (1993) 5 Cal.4th 813, 834.)

(Lodgment No. 17, In re Mendoza, No. D041991, slip op. at 2.)

Respondent contends that any incidents occurring in the first trial are irrelevant to a double jeopardy claim, and argues that the Court should refuse to entertain the claim on that basis. (Answer at 10.) Respondent's argument acts as a waiver of any possible procedural default arising from the appellate court's denial of the claim on the basis that Petitioner failed to present the claim on direct appeal. Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). However, even if the Court is required to conduct a de novo review of the double jeopardy claim for that reason, (see Hayes v. Brown, 399 F.3d 972, 978 (9th Cir. 2005) (en banc); Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002); Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002)), habeas relief is not warranted.

Petitioner claims that his double jeopardy rights were violated because the trial judge abused his discretion in declaring a mistrial when it appeared additional deliberations might produce a verdict after ten of the jurors indicated they were prepared to vote to acquit on the remaining charges and the other two jurors were undecided, and that his trial counsel rendered ineffective assistance in failing to object to a mistrial or advise him to enter a plea of once in jeopardy. (FAP at 15-17.) The record reflects that the jury in the first trial informed the trial judge that they were unable to reach a verdict on three counts and were at an impasse. (Lodgment No. 2, Clerk's Tr. at 327.) The trial judge asked each juror whether with further

1 deliberations the jury might reach a verdict on the remaining counts, ten jurors answered no and two jurors answered yes. (Id.) The Magistrate Judge read the record in this regard correctly (R&R at 16-17), and the Court adopts the findings and conclusions of the Magistrate Judge with respect to the judicial bias and ineffective assistance of counsel aspects of claim 3 in full, and denies habeas relief for the reasons stated in the R&R. (R&R at 17-24.)

The R&R did not address the aspect of the double jeopardy claim that retrial was barred because the elements of the three offenses for which Petitioner was convicted at the second trial were necessarily decided in his favor at the first trial when he was acquitted of the other offenses. (FAP at 24 & Ex. F, citing People v. Fields, 13 Cal.4th 289 (1996) (recognizing that the Double Jeopardy Clause of the Fifth Amendment and its counterpart in the California Constitution incorporate the "implied acquittal" doctrine).) Petitioner was acquitted at the first trial of kidnapping during a carjacking, kidnapping for robbery, kidnapping for rape, and carjacking. (R&R at 6.) The jury was unable to reach a verdict on the offenses of robbery, false imprisonment by violence, and sexual battery by restraint, and he was convicted of the latter three charges upon retrial. (Id.) The fact that the jury acquitted Petitioner of the kidnapping and carjacking charges is consistent with a finding that Petitioner's initial encounter with the victim was voluntary, but that it escalated into a robbery and sexual assault. Thus, there was no implied acquittal which barred a retrial, and habeas relief is denied as to this aspect of Petitioner's double jeopardy claim.

**III.    Claim 2**

Petitioner contends in claim 2 that the individual and cumulative effects of numerous errors during his <u>first</u> trial, including ineffective assistance of counsel, instructional error, judicial bias and prosecutorial misconduct, violated his federal constitutional right to due process. (FAP at 3-14.) He claims that, but for those errors, the jury would have acquitted him on all charges, rather than acquitting him of four of the seven charges and failing to return a verdict on the three remaining counts (robbery, false imprisonment by violence and sexual battery by restraint) for which a mistrial was declared and of which he was convicted in the second trial. (Id.) The R&R concluded that this Court lacks jurisdiction over such claims, with

1  the exception of any double jeopardy issues included in the claims, because Petitioner is not in
2  custody as a result of his first trial, and a plain reading of section 2254 provides for habeas
3  jurisdiction only over convictions for which a petitioner is actually in custody. (R&R at 15-16.)
4  The Court declines to adopt this conclusion. The Court has jurisdiction over Petitioner's claims
5  under 28 U.S.C. § 2254, which provides that ". . . a district court shall entertain an application
6  for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State
7  court only on the ground that he is in custody in violation of the Constitution or laws or treaties
8  of the United States." 28 U.S.C.A. § 2254 (West 1994). Petitioner has invoked the Court's
9  jurisdiction under this provision by alleging that he is in custody pursuant to a state court
10 judgment, which he clearly is, and alleging that he is in custody in violation of the federal
11 constitution due to federal constitutional errors arising in his first trial which led to a hung jury
12 rather than a full acquittal. He contends that but for the constitutional errors at the first trial he
13 would not have been retried and convicted at his second trial.

14  None of the 10 incidents identified in claim 2 regarding the trial judge's rulings (FAP at
15 3-6), nor their cumulative effect, support a claim of judicial bias. Liteky, 510 U.S. at 555. The
16 prosecutorial misconduct aspects of claim 2 were common to both trials (FAP at 6-9), and were
17 considered by the Magistrate Judge in the context of claim 4, and found to be without merit after
18 an independent review of the record. (R&R at 28-55.) The alleged incidents of ineffective
19 assistance of counsel which were common to both trials (FAP at 11-14), were considered by the
20 Magistrate Judge in the context of claim 3 and found to be without merit after an independent
21 review of the record. (R&R at 21-24.) The Court adopts these findings and conclusions in full
22 and denies habeas relief for the reasons set forth in the R&R.

23  Those aspects of claim 2 which were not addressed in the R&R include ineffective
24 assistance of trial counsel in failing to: (a) obtain the Jack in the Box surveillance video; (b) have
25 a fingerprint expert examine the fingerprints recovered from the victim's truck; (c) interview and
26 present the testimony of the manager of the Jack in the Box regarding the victim's appearance;
27 (d) challenge Petitioner's arrest on the basis it was obtained without a warrant; and (e) invite the
28 trial judge to dismiss the charges which the jury failed to return a verdict in the interest of justice

under Cal. Penal Code § 1385. (FAP at 9-14.) The first two instances were common to both trials and discussed by the Magistrate Judge in the context of prosecutorial misconduct in suppression of the video and fingerprint evidence (R&R at 30), and are without merit for the reasons stated in the R&R. The claim regarding dismissal of the charges in the interest of justice following the first trial (FAP at 13-14), is without merit for the reasons discussed above regarding dismissal of the charges based on double jeopardy. The claim that counsel was ineffective for failing to present a Fourth Amendment challenge to Petitioner's arrest (FAP at 9-11), is patently without merit, as it lacks any allegations which would support a finding of an illegal arrest. See Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (holding that claim alleging ineffective assistance of counsel for failure to raise Fourth Amendment claim must overcome presumption that counsel's performance fell within the wide range of processional competence and that there is a reasonable probability that but for the error the result of the proceeding would have been different). Finally, assuming the testimony of the restaurant manager regarding the victim's appearance was not presented at the first trial due to counsel's deficient performance, Petitioner has not shown prejudice under Strickland with respect to this claim, particularly in light of the fact that the jury was unable to reach a verdict during the first trial but convicted Petitioner at the second trial where the testimony was admitted.

The last reasoned decision of the state courts denying claim 2 is the appellate court's order denying the habeas petition in which claim 2 was raised, which found that Petitioner had failed to show judicial bias, prosecutorial misconduct or ineffective assistance of counsel. (Lodgment No. 17, In re Mendoza, No. D041991, slip op. at 2.) For the reasons just discussed, Petitioner has failed to demonstrate that the appellate court's rejection of claim 2 is objectively unreasonable within the meaning of 28 U.S.C. § 2254(d), and habeas relief is denied on that basis.

**IV.     Claim 7**

The Court adopts in full the findings and conclusions of the Magistrate Judge with respect to claim 7. (R&R at 59-60.) For the reasons set forth in the R&R, the state appellate court's adjudication of this claim was objectively reasonable within the meaning of 28 U.S.C. § 2254(d),

1 and habeas relief is denied on that basis.

## V. Conclusion and Order

The Court **ADOPTS AS MODIFIED** the findings and conclusions of the Magistrate Judge as set forth in this Order. The Court **DENIES** the First Amended Petition for writ of habeas corpus. The Court **ISSUES** a Certificate of Appealability as to all claims presented in the First Amended Petition. See Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (providing that threshold "substantial showing of the denial of a constitutional right," is met by demonstrating that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further). **If Petitioner wishes to appeal the denial of habeas relief, he should file a Notice of Appeal with the Clerk of this Court within thirty (30) days of the date in which judgement is entered**.

The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: March 21, 2007

Hon. Barry Ted Moskowitz
United States District Judge